IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK10-40875-TLS |
| AFY, INC., ) | A10-4060-TLS |
| f/k/a Ainsworth Feed Yards Company, Inc., ) | |
| ) | CHAPTER 7 |
| Debtor(s). ) | |
| JOSEPH H. BADAMI, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| AINSWORTH FEED YARDS, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the plaintiff trustee's motion for summary judgment (Fil. No. 18). No resistance was filed. James A. Overcash represents the trustee, and Jerrold L. Strasheim represents the defendant. The trustee submitted evidence and a brief in support of his motion. Pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

The bankruptcy trustee filed this lawsuit to attempt to collect a scheduled $4.5 million debt allegedly owed by Ainsworth Feed Yards, LLC, to the debtor. The debtor and the LLC are owned and operated by the same persons. The LLC has suggested the "debt" should more appropriately be characterized as a capital contribution.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd.*

*of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The following facts are uncontroverted:

1. AFY, Inc., filed a Chapter 11 bankruptcy petition on March 25, 2010.

2. The case was converted to one under Chapter 7 on the trustee's motion.

3. Robert Sears completed the bankruptcy schedules as president of AFY, Inc.

4. Ainsworth Feed Yards, LLC, is listed on AFY's statement of financial affairs as an insider.

5. AFY, Inc., and Robert Sears hold ownership interests in Ainsworth Feed Yards, LLC.

6. The AFY, Inc., bankruptcy schedules list an account receivable from Ainsworth Feed Yards, LLC, in the amount of $4,515,901.00.

At a status conference in this case, the defendant's attorney stated that his conversations with the debtor's accountant led him to believe the transfer of funds should properly have been listed as a capital contribution rather than a debt. He also represented that the LLC has no assets from which this debt could be collected. The court gave the parties time to conduct discovery from the accountant to clear up the matter, but the LLC has put forth no evidence in support of its position. As a result, the defendant has not demonstrated the existence of a genuine issue of material fact, there is no triable controversy, and the trustee is entitled to summary judgment.

IT IS ORDERED: The plaintiff trustee's motion for summary judgment (Fil. No. 18) is granted. Separate judgment will be entered.

DATED: June 1, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *James A. Overcash
    Jerrold L. Strasheim
    U.S. Trustee
Movant (*) is responsible for giving notice to other parties if required by rule or statute.