IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| AFY, INC., ) | |
| ) | CASE NO. BK10-40875-TLS |
| Debtor(s). ) | A10-4060-TLS |
| JOSEPH H. BADAMI, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| AINSWORTH FEED YARDS, LLC, ) | |
| ) | |
| Defendant. ) | |

ORDER
REPORT and RECOMMENDATION

This matter is before the court on the defendant's motion for relief from judgment (Fil. No. 27) and a resistance by the trustee (Fil. No. 28). Jerrold Strasheim represents the defendant and James Overcash represents the plaintiff-trustee.

The defendant has moved to set aside the judgment entered in this case on June 1, 2011, granting the trustee's motion for summary judgment on the trustee's efforts to collect approximately $4.5 million on an account receivable allegedly owed to the debtor from defendant Ainsworth Feed Yards, LLC. The stated basis for the motion to set aside the judgment is the court's lack of constitutional authority to enter such a judgment in light of the recent United States Supreme Court decision of *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

The trustee's complaint sought the recovery of $4,515,901.00 that was listed as an account receivable from the defendant on the debtor's bankruptcy schedules. There is common ownership between the debtor and the defendant. The defendant took the position that the alleged debt was actually a capital contribution that was erroneously categorized. However, the defendant did not submit any evidence to support that assertion. As a result, summary judgment was granted to the trustee.

The defendant filed a motion for relief from the judgment pursuant to Federal Rule of Bankruptcy Procedure 9024,[1] which permits the court to relieve a party from a final order or judgment for certain reasons.

The judgment was entered on June 1, 2011. The time for appeal expired on June 15, 2011. Fed. R. Bankr. P. 8002(a). No appeal was taken. The *Stern* decision was issued on June 23, 2011, and the defendant's motion for relief from judgment was filed on July 12, 2011. Rule 60(c) simply requires the motion to be brought within a "reasonable" time, with reasonableness being dependent upon the particular facts of the case. *Needler v. Internal Revenue Serv. (In re Burival)*, 449 B.R. 371, 379 (B.A.P. 8th Cir. 2011); *Finch v. Coop (In re Finch)*, 378 B.R. 241, 247 (B.A.P. 8th Cir. 2007). "A reasonable time is before irrevocable acts have occurred. It is before other persons can be injured by the debtor's inaction. A reasonable time is a time by which this court can still undo that which

---

[1] Rule 9024 incorporates Federal Rule of Civil Procedure 60.

Rule 60. Relief from a Judgment or Order
. . .
(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.
(c) TIMING AND EFFECT OF THE MOTION.
    (1) Timing. A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
    (2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.
(d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:
    (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
    (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
    (3) set aside a judgment for fraud on the court.

was done." *In re Johnson*, 13 B.R. 342, 348 (Bankr. D. Minn. 1981). Here, there is no indication irrevocable acts have occurred, or that the judgment cannot be undone. Accordingly, I find the motion was brought within a reasonable time.

As to the merits of the motion, the defendant did not elaborate, stating only that *Stern* deprives this court of subject matter jurisdiction to enter judgment. Presumably, the defendant is arguing that relief is necessary and appropriate because *Stern* represents a change in the applicable law. Generally, a change in the law is not, in and of itself, an extraordinary circumstance that would justify relief from a judgment. *Kansas Pub. Emp. Ret. Sys. v. Reimer & Koger Assoc., Inc.*, 194 F.3d 922, 925 (8th Cir. 1999). However, a decision by the United States Supreme Court may provide the extraordinary circumstance for granting a Rule 60(b)(6) motion. *Ben Hur Constr. Co. v. Goodwin*, 116 F.R.D. 281, 284 (E.D. Mo. 1987).

The *Stern* decision circumscribes the ability of non-Article III judges to enter final judgments on certain types of claims, limiting the bankruptcy court's constitutional authority to do so to core proceedings stemming from the bankruptcy itself and actions that "would necessarily be resolved in the claims allowance process." 131 S. Ct. at 2618. This case fits into neither category.

In his complaint, the trustee asserted, without reference to specific authority, that this action was a core proceeding. The defendant argues that it is non-core. The trustee characterizes the adversary proceeding as an action to force the turnover of property belonging to the bankruptcy estate under 11 U.S.C. § 542(b).[2] Section 542(b) refers to the collection of debts that are "matured, payable on demand, or payable on order." The debt the trustee is attempting to collect is not clearly a receivable and, according to the defendant, is not even a debt. What the trustee is pursuing is a demand on an alleged debt, which is beyond the scope of § 542. *Lovald v. Falzerano (In re Falzerano)*, ___ B.R. ___, 2011 WL 3477218 (B.A.P. 8th Cir. Aug. 10, 2011). It is a claim that would not be before the bankruptcy court but for the fact that the debtor filed a bankruptcy petition. As a disputed debt or a collection action, it could, and normally would, be adjudicated outside of bankruptcy.

---

[2]§ 542. Turnover of property to the estate

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

. . .

Because this action does not arise under Title 11 or arise in the bankruptcy case itself, nor would it be resolved in the claims allowance process,[3] it is not a core proceeding within the constitutional authority of the bankruptcy court to enter judgment. Instead, the case should be transferred to the United States District Court for the District of Nebraska for further proceedings. Moreover, the defendant requested a jury trial, which this court has determined it is entitled to, so the bankruptcy court is not the appropriate forum for this trial.

Accordingly, I will grant the defendant's motion for relief from the judgment, vacate the judgment, and recommend to the district court that it withdraw the reference of the case in order for the parties to proceed in the proper forum.

IT IS ORDERED: The defendant's motion for relief from judgment (Fil. No. 27) is granted. The order granting the plaintiff's motion for summary judgment and the judgment entered thereon Fil. Nos. 22 and 23) are hereby vacated.

I RESPECTFULLY RECOMMEND to the United States District Court for the District of Nebraska that it withdraw the reference of this adversary proceeding to allow the parties to proceed and obtain a judgment from the appropriate court.

The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

DATED: August 18, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Jerrold L. Strasheim
    James Overcash
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[3] The defendant has not filed a claim in the underlying bankruptcy case.